IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 3:13-CR-065-M |
| | § | |
| ATUL NANDA (01), | § | |
| JITEN "JAY" NANDA (02), | § | |
| SIVA SUGAVANAM (03), | § | |
| VIVEK SHARMA (04), | § | |
| ROHIT MEHRA (05), | § | |
| MOHAMMAD KHAN (06), | § | |
| | § | |
| Defendants. | § | |

## ORDER CONTINUING TRIAL DATE AND PRETRIAL DEADLINES

This 7th day of May, 2013, came for consideration Defendant Atul Nanda's Unopposed Motion, on Behalf of All Defendants, for Continuance of Trial Setting, filed April 26, 2013. The Court, having considered and reviewed the facts surrounding said motion, and the arguments of counsel, agreed to by co-defendants JITEN "JAY" NANDA (02), SIGA SUGAVANAM (03), VIVEK SHARMA (04), ROHIT MEHRA (05), and MOHAMMAD KAHN (06), and without opposition by the government, **GRANTS** the motion.  As agreed to by all defendants, no further continuances will be requested.

The Court finds that: 1) although ATUL NANDA (01), JITEN "JAY" NANDA (02), SIGA SUGAVANAM (03), VIVEK SHARMA (04), ROHIT MEHRA (05), and MOHAMMAD KAHN (06), are currently scheduled for trial on June 3, 2013, this case involves a voluminous amount of information and documents and a June trial setting does not give the defendants enough time to prepare; 2)  because no motion for severance has been filed or granted, a continuance is needed for all the co-defendants charged in the conspiracy as set out in the Indictment, filed February 20, 2012, so they can all be tried in the same proceeding to preserve judicial and prosecutorial resources; 3) the failure to grant a continuance of the trial would likely result in a miscarriage of justice and would deny

defendants' counsel and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and 4) the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial, and the time from the previous trial date of June 3, 2013, and the Court's next available trial date, constitutes an excludable period of delay under 18 U.S.C. § 3161(h)(7)(A).

Pursuant to the Speedy Trial Act and 18 U.S.C. §§ 3161(h)(7)(A); 3161(h)(7)(B)(i) & (iv), it is hereby ORDERED that the trial previously set for Defendants ATUL NANDA (01), JITEN "JAY" NANDA (02), SIGA SUGAVANAM (03), VIVEK SHARMA (04), ROHIT MEHRA (05), and MOHAMMAD KAHN (06), is **CONTINUED** to **Monday, December 2, 2013, at 9:00 a.m.**  The final pretrial conference is also **CONTINUED** to **Monday, December 2, 2013, at 8:30 a.m.,** to be held prior to the commencement of trial.

Defendants' pretrial motions, if any, must now be filed by **October 29, 2013**, and the Government's responses thereto, by **November 12, 2013**.

If any defendant desires to move for a continuance of the trial setting, that defendant must diligently attempt to confer and obtain the agreement of all other parties, including co-defendants.  The Court will not allow a continuance to be used to effectuate a severance.  If a severance is desired, a motion for severance must be filed.  Severance motions are not generally favored.

**Initial Designation of Experts:**   Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 16(a)(1)(G), Fed. R. Crim. P., on or before **November 4, 2013**.

**Responsive Designation of Experts:**   Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 16(a)(1)(G) on or before **November 12, 2013**.

**Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed no later than **November 19, 2013**.

Requested voir dire questions, proposed jury instructions, witness lists (with witnesses designated as "custodial", "expert", or "fact", as well as "probable" or "possible"), exhibit lists (with copies of exhibits furnished to the Court and opposing parties), and motions in limine must be filed no later than **November 26, 2013**.  The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of the case, case number, name of the party, and volume number of the binder.  Do not use letter suffixes to identify exhibits (*e.g.*, designate them as 1, 2, 3, not as 1A, 1B, 1C).  A copy of the exhibit list must be furnished to the court reporter prior to trial.  Counsel for the parties shall be prepared to submit to the jury, to accompany all exhibits that have been admitted, an index of such exhibits, with neutral descriptions of the exhibits, including where possible the author and date of each.

All counsel are directed to advise the Court four (4) days before trial if a plea agreement has been reached.  If such an agreement has been reached, except in unusual circumstances where such cannot reasonably be done, counsel are to furnish an executed copy to the Court at least three (3) days before trial.

Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money.  To avoid such a cancellation, counsel should complete plea negotiations prior to the date scheduled for trial.

Additionally, counsel for the defendant should ensure that the defendant has appropriate court attire to wear on the day of trial.

SO ORDERED.

DATED:   May 7, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS